May 11, 2016
**OFFICE OF
APPELLATE COURTS**



STATE OF MINNESOTA

IN SUPREME COURT

ADM10-8008

**ORDER PROMULGATING AMENDMENTS
TO THE RULES FOR ADMISSION TO THE BAR**

The Minnesota State Board of Law Examiners filed a petition proposing amendments to the Rules for Admission to the Bar. The court opened a public comment period. The Minnesota State Bar Association filed comments supporting the Board's proposed amendments. The court has considered the petition, the Board of Law Examiner's recommendations, and the Minnesota State Bar Association's comments.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the attached amendments to the Rules for Admission to the Bar be, and the same are, prescribed and promulgated to be effective as of July 1, 2016. The Rules for Admission to the Bar, as amended effective July 1, 2016, shall be posted on the website of the Minnesota State Board of Law Examiners.

Dated:  May 11, 2016

BY THE COURT:

Lorie S. Gildea
Chief Justice

*In the following amendments, deletions are indicated by a line drawn through the words and additions by a line drawn under the words.*

## Rule 2. Definitions and Due Date Provisions

**A.     Definitions.** As used in these Rules:

(1) "Application file" means all information relative to an individual applicant to the bar collected by or submitted to the Board while the application is pending and during any conditional admission period.

(2) "Applicant portal" is a confidential password-protected electronic site used by applicants and Board staff to share information and to send and receive documents.

(3)(2) "Approved law school" means a law school provisionally or fully approved by the American Bar Association.

(4)(3) "Board" means the Minnesota State Board of Law Examiners.

(5)(4) "Court" means the Minnesota Supreme Court.

(6)(5) "Director" means the staff director for the Board.

(7)(6) "Full-time faculty member" means a person whose professional responsibilities are consistent with the definition of "full-time faculty member" set forth in the *Standards for Approval of Law Schools*, published by the American Bar Association's Section of Legal Education and Admissions to the Bar,

(8)(7) "Good character and fitness" means traits, including honesty, trustworthiness, diligence and reliability, that are relevant to and have a rational connection with the applicant's present fitness to practice law.

(9)(8) "Jurisdiction" means the District of Columbia or any state or territory of the United States.

(10)(9) "Legal services program" means a program existing primarily for the purpose of providing legal assistance to indigent persons in civil or criminal matters.

(11)(10) "Notify" or "give notice" means to mail or deliver a document to the last known address of the applicant or the applicant's lawyer. Notice is complete upon mailing, but extends the applicant's period to respond by three days.

(12)(11) "Principal occupation" means an applicant's primary professional work or business.

(13)(12) "Uniform Bar Examination" or "UBE" is an examination prepared by the National Conference of Bar Examiners (NCBE), comprised of six Multistate Essay Examination questions, two Multistate Performance Test questions, and the Multistate Bar Examination.

\* \* \*

## RULE 3. State Board Of Law Examiners

\* \* \*

**B. Authority.** The Board is authorized:

(1) Subject to the approval of the Court, to employ a director on a full-time or part-time basis, to prescribe duties, and to fix compensation;

(2) To secure examination questions and other testing instruments that the Board finds valid and reliable in measuring the competence of applicants to practice law, and to pay reasonable compensation for them;

(3) To employ examination graders;

(4) To establish a minimum passing score for the examinations;

(5) To conduct investigations of applicants' backgrounds as may be reasonably related to fitness to practice or eligibility under the Rules, and to require applicants to pay the costs of the investigations;

(6) To delegate to its President the authority to appoint former Board members to assist the Board by joining one or more current Board members in conducting character and fitness interviews of applicants;

(7) (6) To recommend to the Court the admission and licensure of applicants to practice law in Minnesota;

(8) (7) To administer these Rules and adopt policies and procedures consistent with these Rules;

(9) (8) To delegate to its president and director authority to make necessary determinations to implement the Board's policies and procedures and these Rules;

(10) To administer the Student Practice Rules of the Minnesota Supreme Court;

(11) (9) To prepare and disseminate information to prospective applicants and the public about procedures and standards for admission to practice law in this state.

\* \* \*

## RULE 5. Standards For Admission

\* \* \*

## B. Character and Fitness Standards and Investigation.

\* \* \*

(7) **Determination.** With the exception of applicants who have withdrawn, or have been deemed to have withdrawn, a A character and fitness determination shall be made with respect to each applicant who is either a successful examinee or who is otherwise qualified by practice for admission under these Rules. An adverse determination on character and fitness grounds may be appealed under Rule 15.

\* \* \*

## Rule 6. Admission by Examination

\* \* \*

**H. Examination Results.** The results of the examination shall be released electronically to each examinees via the examinee's applicant portal by regular mail to the address listed in the files of the Board, and successful examination numbers will be posted at the Court, on the Board's website, and at each Minnesota law school. The date of the release of examination results shall be announced at the examination.

\* \* \*

**RULE 14. Confidentiality and Release of Information**

\* \* \*

**B. Work Product.** The Board's work product shall not be produced or otherwise discoverable, nor shall any member or former member of the Board or its staff be subject to deposition or compelled testimony except upon a showing of extraordinary circumstance and compelling need and upon order of the Court. In any event, the mental impressions, conclusions, and opinions of any member or former member of the Board or its staff shall be protected and not subject to compelled disclosure.